```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

Charles Chandler,                  :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :      Case No. 1:11-cv-166-jgm
                                   :
Denise Johnson, Marilyn            :
Skoglund, and Brian                :
Burgess,                           :
                                   :
        Defendants.                :

<u>OPINION AND ORDER</u>
(Docs. 2, 8 and 10)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming judicial and criminal misconduct by three Justices of the Vermont Supreme Court.  Pending before the Court is Defendants' motion to dismiss, in which they argue lack of subject matter jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine, and failure to state a claim for which relief may be granted. (Doc. 8.)  Also before the Court are Chandler's motion to disqualify "Judge Murtha in the above Docketed case," and his motion for a default judgment.  (Docs. 2, 10.)

For the reasons set forth below, Defendants' motion to dismiss (Doc. 8) is GRANTED, Chandler's motions to disqualify (Doc. 2) and for default judgment (Doc. 10) are DENIED, and this case is DISMISSED.

<u>Factual Background</u>

The Complaint alleges that Vermont Supreme Court Justices Denise Johnson, Marilyn Skoglund and Brian Burgess participated in an "unlawful[] scheme" to violate Chandler's civil rights and commit criminal acts.  Defendants each signed an Entry Order, dated March 18, 2011, denying Chandler's request for a stay of his criminal sentence.  (Doc. 8-2.)  In a previous Order, the Vermont Supreme Court had affirmed Chandler's conviction on a charge of hindering an officer.  <u>See</u> <u>State v. Chandler</u>, No. 2010-135 (Vt. Jan. 21, 2011) (unpublished) (Doc. 8-1.)

In the instant case, Chandler alleges he informed Defendants of a plot by lower court judges and others to "sabotage" his criminal case.  (Doc. 1 at 3.)  He also claims he was "falsely accused and convicted of crimes he never committed."  <u>Id.</u>  When Chandler raised his various arguments before the Vermont Supreme Court, Defendants allegedly declined him any relief, and instead "decided that they were going to gain valuable consideration . . . and personal gain" by ruling against him.  <u>Id.</u>

The Complaint sets forth nine causes of action.  Several are similar to claims Chandler has raised in previous federal litigation, including allegations a judge ordered the state police to commit armed robbery; Defendants interfered with his right to petition the government for redress; his defense attorney was improperly threatened by the trial judge; and the

2

actions taken against him constituted violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"). See, e.g., Chandler v. Carroll, 2012 WL 252014, at *4 (D. Vt. Jan. 26, 2012); Chandler v. Carroll, 2009 WL 2514428, at *1 (D. Vt. Aug. 12, 2009). Indeed, Chandler incorporates the complaint from a prior case, Chandler v. Carroll, Case No. 2:11-cv-167, by reference. Id. at 2.

I.  Motion to Disqualify

The Court will first consider Chandler's motion to disqualify. Chandler contends "[t]here is a history here where preferential treatment is given to Attorneys in this Court by the Presiding Judge Murtha and where Pro Se litigants are discriminated against . . . ." (Doc. 2 at 1.) He claims his previous cases before the Court were "disregard[ed] . . . as frivolous no matter how serious the injuries," and the Court is motivated by its "unique relationship" with "the Defendants." Id. For support, he cites the Court's rulings in those cases, including dismissals based upon judicial and prosecutorial immunity. Id. at 3. Chandler further states "[i]t is unclear at this point if Judge Murtha benefited [sic] financially from the above defendant's illegal acts," but claims the Court "did benefit in his career by protecting his friends/colleagues." Id.

Title 28, Section 455(a) requires a judge to "recuse himself in any proceeding in which his impartiality might reasonably be

3

questioned." 28 U.S.C. § 455(a).  "The district judge has discretion in the first instance to determine whether to disqualify himself." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (citation omitted).  In making this determination, the judge must "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions." Id. The test focuses on "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." Id.

The scope of 28 U.S.C. § 455(a) "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). Accordingly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); see LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007).  As a result, "[j]udicial

rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

Chandler alleges the Court's prior rulings have been motivated by friendship, professional gain, and perhaps financial reward. His accusations of improper motives, however, are based entirely upon speculation. See United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992) ("Where a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required."); Lamborn v. Dittmer, 726 F. Supp. 510, 516 (S.D.N.Y. 1989) (holding that court need not accept as fact "mere conclusory speculation" that judge had "special relationship" with plaintiff's counsel). Furthermore, as set forth above, the legal grounds for the Court's rulings are not a basis for recusal, and are instead reviewable on appeal. United States v. Sykes, 2008 WL 3049975, at *3 (W.D.N.Y. July 31, 2008) (citing Liteky, 510 U.S. at 554). The motion to disqualify (Doc. 2) is therefore DENIED.

II. Motion for Default Judgment

The Court next considers Chandler's motion for a default judgment. (Doc. 10.) The motion asserts "[t]he Defendants have failed to respond to the complaint as required by rule." Id. at 1. Two paragraphs later, however, the motion references defendants' motion to dismiss, characterizing it as "false, misleading, and [m]oot." Id.

5

A defendant may assert its defenses to a complaint in a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  A timely Rule 12 motion suspends the time for filing an answer.  See Fed. R. Civ. P. 12(a)(4).  On December 6, 2011, the Court issued an Order requiring Defendants to file an answer or other appropriate response to the Complaint on or before January 6, 2012.  (Doc. 6.)  On January 6, 2012, Defendants filed their motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, Defendants' motion to dismiss was timely, and Chandler's motion for default judgment (Doc. 10) is DENIED.

III.  Defendants' Motion to Dismiss

Defendants argue in their motion to dismiss that the Court has no subject matter jurisdiction to review an Order issued by the Vermont Supreme Court.  They also argue that they are protected by absolute judicial immunity, and for application of the Eleventh Amendment.  Aside from a brief reference in Chandler's motion for default judgment, the motion to dismiss is unopposed.

To the extent Chandler is seeking review of the Vermont Supreme Court's ruling, his claims are indeed barred by the Rooker-Feldman doctrine.  Under the Rooker-Feldman doctrine, cases "brought by [a] state-court loser [ ] complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those judgments" are barred in federal courts. Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). In Hoblock v. Albany Cnty. Bd. of Elections, the Second Circuit set forth the following four requirements for application of the doctrine: (1) plaintiff must have lost in state court; (2) plaintiff complains of an injury caused by the state court order; (3) plaintiff seeks a federal court's review of the state court's process and rejection of the state court's determinations; and (4) the state court determinations in question were rendered before the federal action was commenced. 422 F.3d 77, 85 (2d Cir. 2005).

Here, Chandler lost in state court, and complains that the Justices who issued the ruling caused him compensable injuries, thereby satisfying the first two requirements for application of Rooker-Feldman. As to the third requirement, a ruling that the Vermont Supreme Court's decision was wrong, or wrongful, would constitute a reversal of that court's March 2011 determination. Finally, it is plain the Vermont Supreme Court's ruling preceded Chandler's commencement of the instant action in June 2011. Accordingly, Rooker-Feldman applies, and this Court has no subject matter jurisdiction to review the Entry Order in question.

To the extent Chandler is seeking relief beyond review of the Vermont Supreme Court's Entry Order, Justices Johnson, Burgess, and Skoglund are entitled to absolute judicial immunity with respect to any claims for damages.  It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.  <u>See generally</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991).  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  <u>Id.</u> at 10 (quoting <u>Bradley v. Fisher</u>, 80 U.S. (13 Wall.) 335, 347 (1871)).  This immunity applies even against allegations that a judge acted in bad faith or with malice.  <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).

"In deciding whether absolute judicial immunity applies a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity."  <u>Arena v. Dep't of Social Servs. of Nassau Cnty.</u>, 216 F. Supp. 2d 146, 153 (E.D.N.Y. 2002).  Judicial immunity may only be overcome if a plaintiff presents (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature,

taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12 (internal citations omitted).

There is no allegation in this case that Defendants acted in "in the complete absence of all jurisdiction." Id. Furthermore, it is plain from the Complaint that Defendants were acting strictly in their judicial roles when denying Chandler's request for a stay of his sentence. Accordingly, absolute judicial immunity applies.

It is not clear from the Complaint whether Chandler is seeking any sort of injunctive relief relevant to his claims of judicial wrongdoing. To the extent he seeks such relief, 42 U.S.C. § 1983 bars his claims absent an allegation that (1) there has been a violation of a declaratory decree, or (2) that declaratory relief was unavailable. See 42 U.S.C. § 1983. There are no such claims in this case. Further, a request for injunctive relief against Justice Johnson would be moot, as the Court takes judicial notice of the fact that she has retired. See Fed. R. Evid. 201(b).

Finally, to the extent that Chandler is suing Defendants in their official capacities as agents of the State of Vermont, his claims are barred by the Eleventh Amendment. The Eleventh Amendment generally prohibits plaintiffs from recovering damages from state officials in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Davis v. New York, 316 F.3d

9

93, 101 (2d Cir. 2002) ("a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment").  The only two exceptions to this general rule apply when there has been an explicit and unequivocal waiver of immunity by a state, or a similarly clear abrogation of the immunity by Congress.  See Graham, 473 U.S. at 169; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

Here, there has been no unequivocal waiver by the State of Vermont.  In fact, Vermont has specifically preserved Eleventh Amendment immunity with respect to tort claims brought against the State.  See 12 V.S.A. § 5601(g).  It is also well settled that Congress did not abrogate state sovereign immunity by enacting Section 1983.  Quern v. Jordan, 440 U.S. 332, 340-42 (1979).

In sum, this Court has no subject matter jurisdiction to review the Entry Order issued by Defendants.  Insofar as Chandler is suing Defendants individually or in an official capacity, for either monetary damages or injunctive relief, his claims are barred by judicial immunity and the Eleventh Amendment.  The motion to dismiss is therefore GRANTED, and Chandler's claims are DISMISSED.

Conclusion

For the reasons set forth above, Defendants' motion to dismiss (Doc. 8) is GRANTED, Chandler's motions to disqualify (Doc. 2) and for default judgment (Doc. 10) are DENIED, and this case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of March, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge